Opinion of the court delivered by
Judge Catron.
Debt on a bond for $140. The plea sets it out. The bond has a condition that it may be discharged in castings, at Watson’s, Napier’s or Bell’s iron works. One plea avers that defendant was ready to pay at Watson’s, hut docs not aver notice of that fact to the plaintiff. 2d. plea avers, *205 that a tender was made of the castings after the. note fell due, on the-day ot-=>and before suit brought. There is a similar plea that a tender was made to one Miller, then owner of the note, after it fell due, and before suit was brought. These pleas are demurred to. Payment and set off are also pleaded, upon which issues were taken and found for the plaintiff. The demurrers were overruled, and judgment given for the defendant in the county and circuit courts.
The note sued on reads as follows: “On or before the first day of January 1816,” Bartee and Thompson (the latter not sued) promised to pay Grimes $140, “which may be discharged in assorted castings at 7 cents per pound, delivered at Watson’s, Napier’s or Bell’s iron works, dated 31st July 1815.”
The stipulation to pay in propert}r,. was introduced for the benefit of the defendant — the place of payment was at his option, and he should have given the plaintiff information of the works at which the castings would be paid;, a fact that the plaintiff could not otherwise have known. This is the plain meaning of the contract; — where it would be most convenient to pay was not known to the obligor when hemade>thebond: thus, it lay upon him to ascertain before it fell due, and notify the plaintiff thereof. The same rule was recognized in Tiernan vs. Napier (Peck’s Rep. 212.) The latter promised to pay Tiernan 16,922 pounds of castings, so soon as he should be enabled to make them at the next blast of his furnace. Napier averred readiness to pay on the 18th December 1820, within the time payment ought to have been made; but the court declared that the condition that Napier should pay when he made the castings, was for his benefit, and it lay upon him to notify Tiernan of his readiness. By the act of Assembly, had neither time or place been fixed, and the parties resided in the same county, the obligee would have been bound to give the notice.
The lime of payment depended upon an extrinsic fact, only within Napier’s knowledge — so of the place of payment in the present instance.
Wm. L. Brown, for plaintiff in error.
G. S. Yerger, for the defendant.
The act of 1807, ch. 95, has no bearing upon this cause, -fyy]iere cij;]ier nm& or place js not specified, the obligee has his election to point out the time or place of payment — this election the obligor in this case reserved to himself. The tender was made sometime after the note fell due (1st January 1816,) and before the action brought (9th September 1827) almost twelve years, — at what time we are not informed. The covenant was broken by nonpayment, and the tender, after breach is no defence to this action.
Let the demurrers be sustained and judgment be given for the plaintiff in error.